IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CAROL ELISE MOTES,

    Plaintiff,
v.                                          CASE NO. 5:06-cv-00097-RS-AK

JOSE BARRON,

    Respondent.
_____/

## REPORT AND RECOMENDATION

This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus, filed by Carol Elise Motes pursuant to 28 U.S.C. § 2241. Respondent has filed a response, Doc. 4, but Petitioner did not file a reply, and the time for doing so has long passed. Though Respondent addressed the merits of Petitioner's claims, he also sought dismissal on the grounds that this Court is without jurisdiction over the claims since Petitioner has failed to exhaust her administrative remedies. Having carefully considered the matter, the Court recommends dismissal for failure to exhaust.

Petitioner is presently serving a 70-month sentence from the United States District Court for the Northern District of Georgia for conspiracy to possess with intent to distribute methamphetamine and is incarcerated in FCI Marianna. She challenges the refusal of the Bureau of Prisons to allow her participation in the residential drug abuse program and seeks a reduction in her sentence or early release. Previously, Petitioner sought a modification of her sentence

with the Northern District of Georgia on identical grounds, but the court denied the motion on the grounds that her claims were more properly raised as a § 2241 petition in the district of confinement.  Doc. 1, Ex. 1.

While Petitioner was correct to bring this action here, she is not entitled to any relief thereon at this time because she has not exhausted her administrative remedies within the prison system, a prerequisite to filing a § 2241 habeas petition in this Court.  A prisoner seeking § 2241 habeas relief must exhaust administrative remedies before filing suit in this Court.  *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir.),  *cert. denied*, 124 S.Ct. 2112, 158 L.Ed. 2d 722 (2004).  Where the available administrative remedies are unavailable or wholly inappropriate to the relief sought or where an attempt at exhaustion would be patently futile, exhaustion may be excused.  *Fuller v. Rich*, 11 F.3d 61 (5th Cir. 1994).  However, "exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,'" *id*. (citation omitted), and the petitioner bears the burden of demonstrating the futility of administrative review.  *Id*.

It cannot be disputed that the Bureau of Prisons provides inmates with administrative avenues to allow them "to seek formal review of an issue relating to any aspect of  [their] confinement," 28 C.F.R. § 542.10(a), and that there are deadlines incorporated into the administrative remedies program which prevent the BOP from unreasonably delaying consideration of a request for review and any appeal therefrom.  *See, e.g.*, § 542.18 (setting forth BOP response times at various levels of review).

Here, Petitioner has not suggested that there is an absence of administrative remedies or that the remedies which are available would be inappropriate for the type of relief she seeks.  Indeed, she has made no reply to the exhaustion issue whatsoever.  Because the unrefuted

evidence shows that Petitioner has not "filed any formal remedies, and therefore, has not exhausted administrative remedies," Doc. 4, Ex. 2, this cause should be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus be **DENIED** for failure to exhaust administrative remedies, and this case be **DISMISSED WITHOUT PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this __26th__ day of January, 2007.

S/ A. KORNBLUM
ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**